UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JEREMY SCOTT BECKER,<br><br>Defendant(s). | Case No. 2:04-CR-186 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Jeremy Scott Becker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 109). The government filed a response (ECF No. 113), to which Becker replied (ECF No. 114).

Also before the court is the government's motion to file a sur-reply (ECF No. 115). Becker responded. (ECF No. 116).

**I.  Background**

Becker was criminally convicted in both state and federal court. Becker was sentenced first in federal court on August 29, 2005, for a bank-robbery conviction. (ECF No. 71). He was then sentenced in state court on September 1, 2005, for convictions on multiple counts of armed robbery. (ECF No. 109-5).

Both courts sentenced Becker to terms of incarceration. Becker's state court judgment specified that his state sentences would be served consecutively to his federal sentence. (ECF No. 109-6). Becker served his state sentences first, which concluded on July 11, 2021. (ECF No. 109, at 7). He was then immediately transferred to the Bureau of Prisons to serve his federal sentence. (*Id.*).

. . .

**James C. Mahan**
**U.S. District Judge**

## II.  Discussion

Becker argues in his Section 2255 motion that his federal sentence actually began on August 29, 2005, when he was first remanded into federal custody after his sentencing hearing. (ECF No. 109, at 9).  Essentially, Becker is seeking double credit against both his state *and* federal sentences for the period between August 2005 and August 2008.  According to Becker, he was technically in federal custody beginning August 29, 2005, and he therefore served his federal sentence while at the Nevada Department of Corrections serving his state sentence.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the *sentencing* court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the *custodial* court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (emphasis added).  In other words, Section 2241 petitions must be brought in the district where the defendant is *confined* while Section 2255 petitions must be filed in the court where the defendant was *sentenced*.  "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  *Id.*

Federal courts are "under an independent obligation to examine their own jurisdiction." *Id.* at 865.  Even though Becker styled his motion as one under Section 2255, the court must nonetheless satisfy itself that his petition truly falls under that section, as opposed to Section 2241, by conducting its own inquiry.  *See id.* ("Because Congress made a deliberate choice to give jurisdiction over § 2241 petitions and § 2255 motions to different courts, a district court is obligated to determine whether a petition falls under § 2241…or under § 2255.").

Here, Becker does not challenge the constitutional validity of the sentence imposed by this court.  Becker's argument for double credit should have been brought as a petition under Section 2241 because his motion does not attack the legality of the underlying sentence, but rather its execution.  *See*, *e.g.*, *Johnson v. Gill*, 883 F.3d 756 (9th Cir. 2018) (affirming a district court's denial of a § 2241 petition on substantially similar facts); *Sampson v. United States*, No. 18-CR-2095-GPC, 2022 WL 2181690, at *1 (S.D. Cal. June 16, 2022) (construing § 2241, rather than § 2255, to apply to a defendant's argument regarding time credits under the First Step Act).

James C. Mahan
U.S. District Judge

- 2 -

The sentencing court in this case is not the custodial court. Although *this* court sentenced Becker in 2005, he is in the custody of a facility within the jurisdiction of the Eastern District of California. (ECF No. 1113, at 3–4). Accordingly, Becker's motion fails under Section 2255 and if he wishes to proceed under Section 2241, this court lacks jurisdiction to hear that petition.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Becker's motion (ECF No. 109) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that the government's motion to file a surreply (ECF No. 115) is DENIED as moot.

DATED October 31, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**